IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 18-101-06 |
| | : | |
| MITCHELL WHITE | : | |

**DEFENDANT MITCHELL WHITE'S PROPOSED
JURY INSTRUCTION ON THEORY OF DEFENSE AND REQUEST FOR
<u>RECONSIDERATION OF GOOD FAITH DEFENSE INSTRUCTION</u>**

When a defense is raised and supported by the law and the evidence, the jury should be instructed on the matter. *See, e.g., United States v. Davis*, 183 F.3d 231, 250 (3d Cir. 1999) ("A defendant is entitled to an instruction on his theory of the case where the record contains evidentiary support for it."); *Government of Virgin Islands v. Carmona*, 422 F.2d 95, 99 (3d Cir. 1970) ("As long as there is an evidentiary foundation in the record sufficient for the jury to entertain a reasonable doubt, a defendant is entitled to an instruction on his theory of the case."). Having raised defenses supported by the law and the evidence, Defendant Mitchell White, by and through counsel, submits the following proposed jury instruction on his theory of defense.

Mr. White further respectfully requests that the Court reconsider its refusal to give a good faith instruction. The Court relied upon language in *Ruan* which the Court interpreted as inconsistent with giving a good faith instruction. However, *Ruan* addressed a conviction under 21 U.S.C. §841 and the proof necessary for that offense. Here, Mr. White is charged with conspiracy under 21 U.S.C. §846. The government must prove the mental state pertinent to joinder of the conspiracy, in addition to the mental state pertinent to the object offense. Section 846 (second element) requires proof that Mr. White "knowingly and intentionally" joined the conspiracy. Good faith is inconsistent with the requisite *mens rea.*

And, respectfully, defendant submits that *Ruan* did not in any way hold that good faith is irrelevant to a §841 instruction. To the contrary, *Ruan* addressed the question of whether the government need only prove objective intent (i.e., the intent of a reasonable practitioner), or subjective intent (i.e., the defendant's intent). The good faith instruction at issue in *Ruan* was limited to the good faith of a reasonable practitioner. The Supreme Court held that the defendant's subjective intent that must be proven. Thus, a standard good faith instruction that pertains to the defendant's *subjective* intent – such as the proposed model instruction -- is appropriate.

Dc  While the Court is correct that the Third Circuit has, in some cases, declined to reverse a conviction due to failure to give a good faith instruction because mens rea has otherwise been appropriately described, it would be well-advised and in the interest of fairness and justice to give the instruction in this case. The jury instructions in this case are quite complex, given the nature of the charges and the challenges in explaining Section 841 in the context of a physician prescribing case. The jury must flip from one set of instructions to another to piece together the appropriate mens rea for the object offense. A straightforward good faith instruction is important to informing the jury of the law.

        Respectfully submitted,

        */s/ Ann C. Flannery*

        ANN C. FLANNERY
        Law Offices of Ann C. Flannery, LLC
        1835 Market Street, Suite 2900
        Philadelphia, PA 19103
        215.636.9002
        acf@annflannerylaw.com
        Attorney for Defendant Mitchell White

Date:   January 17, 2023

**Theory of Defense**

With respect to Counts One through Three, Mr. White contends that he did not aid and abet the crime of maintaining a drug involved premises because it was not something he wished to bring about or make succeed.

With respect to Count Five, Mr. White contends that he did not knowingly or intentionally conspire to distribute a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose because he believed in good faith that the prescribing was being done in an authorized manner.

_____

*See* Third Circuit Model Jury Instruction 8.01 (2021).

## **CERTIFICATE OF SERVICE**

I, Ann C. Flannery, counsel for defendant Mitchell White, hereby certify that on this 17th day of January, 2023, I caused a true and correct copy of the foregoing Defendant's Proposed Jury Instruction to be served by the Court's electronic notification system upon:

>Mary Kay Costello
>U.S. Attorney's Office
>615 Chestnut Street, Suite 1250
>Philadelphia, PA  19106
>Marykay.Costello@usdoj.gov
>
>Christopher Parisi
>U.S. Attorney's Office
>615 Chestnut Street, Suite 1250
>Philadelphia, PA 19106-4476
>Christopher.Parisi@usdoj.gov

>_____
>ANN C. FLANNERY
>Law Offices of Ann C. Flannery. LLC
>1835 Market Street, Suite 2900
>Philadelphia, PA 19103
>(215) 636-9002
>acf@annflannerylaw.com