UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | HON. GENE E.K. PRATTER |
| | : | |
| v. | : | |
| | : | |
| MEHDI NIKPARVAR-FARD | : | CRIM. NO. 18-101 |

SUPPLEMENTAL MOTION TO DEFENDANT'S
SECOND MOTION TO WITHDRAW GUILTY PLEA

The defendant, Mehdi Nikparvar-Fard, by his counsel, Caroline Goldner Cinquanto, Esquire, respectfully files this supplement to Defendant's Second Motion to Withdraw Guilty Plea filed August 23, 2023 [Doc. No. 634].

To determine whether a defendant should be permitted to withdraw a guilty plea, a court must consider three factors . . . (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.2d 245, 252 (3d Cir. 2003).

A. Dr. Nikparvar-Fard Asserted His Innocence

Dr. Nikparvar-Fard did not have the requisite *mens rea* to knowingly or `intentionally prescribe medication in an unauthorized manner as alleged in Count Five and required by *United States v. Ruan*, 142 S. Ct. 2370 (2022). Based upon his experience, education, and training, Dr. Nikparvar-Fard knew that pain management patients were at serious risk of becoming addicted to their medication. [Evid. Hrg, p. 18, l. 1-3]. To combat this risk, Dr. Nikparvar-Fard testified that he relied upon learned treatises -

1

medical publications, texts, and journals – to research measures to mitigate this risk. One such measure is called "boundary setting" [1]. Boundary setting includes the practice of interval dispensing, which means that a patient comes to the medical office every week or every other week to obtain his or her medication [Evid. Hrg, p. 18, l. 11-14]. Interval dispensing limits the ability of a patient to take more than the prescribed amount. Because it is impracticable for the prescribing physician to be present at each of a patient's interval appointments, nurses, physician's assistants, or other staff may fill out prescriptions that are pre-signed by the prescribing physician [Evid. Hrg, p. 19, l. 6-21]. At the hearing, the defense introduced many publications which documented this practice[2]. All these publications describe instances where non-DEA-registered medical office staff were allowed to prescribe medication in an interval dispensing situation. Dr. Nikparvar-Fard testified that he relied on these publications to formulate an interval dispensing protocol in his office, which included H.C. filling out pre-signed prescriptions under certain limited circumstances [Evid. Hrg, p. 30, l. 7-14]. Specifically, this protocol required that H.C. only prescribe controlled substances to pain patients during an interval visit, the quantity, type, and dosage of which were already predetermined Dr. Nikparvar-Fard, a licensed physician with a valid DEA registration number. If the patient was stable, H.C. would fill out the prescription previously signed by Nikparvar-Fard and give it to the patient. If the patient was not stable, H.C. was not allowed to give the prescription to the patient and Dr. Nikparvar-Fard, who

---

[1] Exhibit 3, Bonica's Textbook of Pain Management.
[2] Exhibits 5, 6, 7, 11, 12, 13, and 14.

was present in the office, would be summoned to see the patient. This practice is not only routinely accepted in the pain management and addiction fields, but was condoned by the government's own expert, Dr. Stephen Thomas, who previously testified at another trial that it was appropriate for a patient to be given a prescription in the absence of a physician visit if all relevant medical conditions were stable and there were no dosage changes or other developments that would require medical decision-making to occur. (Exhibit 9, Testimony of Dr. Stephen Thomas, *United States v. Aggarwal*, Case No. 18-16, June 10, 2019, p. 64, lines 20-23.)

In conclusion, Dr. Nikparvar-Fard possessed a good faith belief that H.C.'s issuance of prescriptions was legitimate. *United States v. Ruan* established that such a subjective belief is a defense to Charge Five and the government is required to overcome that subjective belief with proof negating the defense. *Ruan*, 142 S.Ct. at 2376-77, 2380-81.

B. Dr. Nikparvar-Fard Has Strong Reasons to Withdraw His Guilty Plea

Notwithstanding the legitimacy of the defense, prior counsel advised Dr. Nikparvar-Fard that he would not be allowed to explain the basis for his belief and actions because reference to learned treatises and textbooks would not be permitted at trial. That advice was wrong. Federal Rule of Evidence 803(18) clearly allows the introduction of the contents of learned treatises with a proper foundation and offer of proof, though the treatise or textbook itself would not be admissible. *See e.g., Maggipinto v. Reichman,* 481 F.Supp. 547, 550-51 (E.D.Pa. 1979).

Moreover, a defendant raising a good faith defense is permitted to explain and identify the basis for his belief. *See Ruan v. United States*, 247 S.Ct. at 2377-2380; *Cheek v.*

3

*United States*, 481 U.S. 547 (1991). Prior counsel's advice and explanation was both wrong and material to Dr. Nikparvar-Fard's decision to plead guilty. Consequently, the voluntariness of his guilty plea was undermined, and at a minimum he is entitled to an evidentiary hearing to consider the nature of the advice provided by prior counsel.

A guilty plea that rests upon ineffective assistance of counsel can be withdrawn because the deficient advice negates the intelligent and voluntary nature of the plea. *United States v. James*, 928 F.3d 247, 258 (3d Cir. 2019); *United States v. Jones,* 336 F.3d 245, 254 (3d Cir. 2003); *Hill v. Lockhart,* 474 U.S. 52, 56-58 (1985). A defendant will be allowed to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered "sufficient prejudice" from his counsel's errors. *United States v. Jones,* 336 F.3d at 254; *United States v. Day*, 969 F.2d 39, 45 (3d Cir. 1992) (*citing Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)).

                                                  Respectfully submitted,

                                                  */s/ Caroline Goldner Cinquanto*
                                                  Caroline Goldner Cinquanto
                                                  The Law Office of Caroline Goldner Cinquanto
                                                  3331 Street Road, Suite 450
                                                  Bensalem, PA  19020
                                                  (215) 910-2732; carrie@cgclegal.com

Date:  October 13, 2023

CERTIFICATE OF SERVICE

I, Caroline Goldner Cinquanto, hereby certify that on this date I delivered by electronic means a true and correct copy of the foregoing Motion to the following counsel:

MARY KAY COSTELLO
UNITED STATES ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106-4476

*/s/ Caroline Goldner Cinquanto*
Caroline Goldner Cinquanto
The Law Office of Caroline Goldner Cinquanto
3331 Street Road, Suite 450
Bensalem, PA  19020
(215) 910-2732; carrie@cgclegal.com

Date:  October 13, 2023