# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | : |
| **V.** | : **CRIMINAL NUMBER: 18-CR-101-10** |
| | : |
| | : |
| **MARCUS WILLIAMS** | : |

## DEFENDANT'S SENTENCING MEMORANDUM

**I.   INTRODUCTION**

Marcus Williams, by his attorney, Carlos A. Martir, Jr., Esquire, respectfully requests that this Court, in its discretion, impose a sentence that properly considers all of the sentencing factors provided in 18 U.S.C. § 3553(a), a sentence that is adequate but <u>not</u> greater than necessary when considering the character of the defendant, the nature of the offense and the need to promote respect for the law.  Counsel respectfully submits that after the Court conducts such a review, together with the government's departure motions, a time served sentence would be an appropriate sentence.

**I.  Factual and Procedural History**

Counsel and Mr. Williams accepts the government's recitation of the facts and offense conduct as outlined in their introduction.

**II.   GUIDELINE CALCULATIONS IN PRESENCE REPORT**

Mr. Williams pleaded guilty to a superseding indictment charging him with three counts aiding and abetting the maintenance of a drug involved premises, in violation of 21 U.S.C. §856(a)(1)(b) and 18 U.S.C. § 2.  The government's sentencing memorandum outlines the

specific agreement. The statutory maximum sentence is 60 years imprisonment, three years of supervised release, a fine of $1.5 million, and a special assessment of $300.

According to the Presentence Investigative Report (PSI), the guidelines base offense level, after the enhancements, is 26. With acceptance of responsibility, the base offense level is reduced to 23 and because the defendant has no prior convictions, he has a Criminal History Category of I, and therefore qualifies for the new provision of USSG§4C1.1. which permits a further base reduction of two level. Thus Mr. Williams offense level is 21 with a guideline range of 37 to 46 months of imprisonment, and a term of supervised release of no more than three (3) years.

This sentencing Court is no longer bound by the Sentencing Guidelines.  The Court must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary mandate in § 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;
    ©    to protect the public from further crimes of the defendant; and
    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

    (1)    "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1));
    (2)    "the kinds of sentences available" (§ 3553(a)(3));
    (3)    "the need to avoid unwarranted sentence disparities among defendants with

>   similar records who have been found guilty of similar conduct" (§ 3553(a)(6)); and
>
> (4) "the need to provide restitution to any victims of the offense." (§ 3553(a)(7)).

Based upon the §3553 (a) factors, counsel respectfully submits that a probationary sentence would be appropriate.

### III. APPLICATION

#### A. Statutory Sentencing Factors

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

> **1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender (18 U.S.C. § 3553(a)(1)).**

##### A. Nature and Circumstances of Offense

Mr. Williams acknowledges his guilt in this offense, and takes full responsibility for his actions. His cooperation with the government was sincere, with the ultimate goal of providing the government with the essential tools in prosecuting this case against the co-defendants. He was de-briefed numerous times and testified at the trial of one of his co-defendants. The role, that is, testifying on behalf of the government is a huge step and rarely seen in a majority of cases brought by the government. Mr. Williams' agreement was at great risk to his safety.

##### B. Defendant's History and Characteristics

As the PSI states, Mr. Williams had a difficult childhood. As the PSR further states, his mother suffered from mental illness and both parents were abusive to him. Despite these obstacles, he pursued higher education and a medical degree from a prestigious university.

Because of his substance abuse, he had a difficult time acquiring employment as a physician. It is clear that Mr. Williams will never practice as a physician because of this conviction. Therefore, he faces a difficult time seeking employment in another field. At this time in his life, being drug and alcohol free is his ultimate goal. He is also interested in engaging in programs outside the prison environment to help those with similar addictions.

His time at the Federal Detention Center (FDC) has been a difficult one. Only recently, was he a victim of a sexual assault at FDC. It was reported, and they are conducting an investigation.

### C. The Need for Sentence Imposed to Achieve Goals of Sentencing (18 U.S.C. § 3553(a)(2)).

When fashioning a reasonable sentence, the court must also consider the need for the sentence imposed to (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; © protect the public from further crimes of the defendant, and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). Once again Mr. Williams acknowledges his guilt in this offense.

With regard for promoting respect for the law and providing just punishment, it must be remembered that "[r]espect for the law is promoted by punishments that are *fair*...not those that simply punish for punishment's sake. There is no reason to believe that respect for the law will increase if a defendant who deserves leniency is sentenced harshly any more than there is reason to believe that respect for the law will increase if a defendant who deserves a harsh punishment

receives a slap on the wrist." *United States* v. *Stern*, 590 F. Supp. 2d 945 (N.D. Ohio) (defendant sentenced to twelve months and a day imprisonment.)  In this case, the defendant is subject to a guideline range imprisonment of 37 to 46 months. That is a substantial term of imprisonment for a first time offender. Mr. Williams has been incarcerated at FDC for a period of twenty two (22) months.  Based upon his cooperation, defense counsel is seeking a time served sentence.

A time served sentence would be more than sufficient to address his conduct in this case. Counsel believes that the term of supervised release would continue his  supervision and guidance with an agency known to assist in providing individuals with skills in making that person a productive member of society. This sentence would satisfy the goals of 18 U.S.C. §3553(a).

### D. The Kinds of Sentences Available (18 U.S.C. § 3553(a)(3)).

The defendant has served almost 22 months of imprisonment and has participated in a number of programs at the facility.  These programs have helped Mr. Williams prepared for a life outside the prison environment and perhaps a new career. It is anticipated that the government will outline Mr. Williams' cooperation in their 5K1.1 motion.  With his substantial cooperation with the government, a time served sentence would be appropriate.  It is anticipated that the government's departure motions will adequately outline Mr. Williams' cooperation in this case that merits a sentence of time served.  The defendant acknowledges his criminal conduct. He was absolutely truthful and accepted responsibility for his conduct.

**IV.     CONCLUSION**

For all of the above-stated reasons, Mr. Williams requests compassion and leniency in this case. As the Sentencing Guidelines are advisory, this Court has great discretion to fashion a sentence which is sufficient, but <u>not</u> greater than necessary, to comply with the purposes sentencing.

**WHEREFORE**, the defendant respectfully requests that this Honorable Court impose a time served which would be appropriate in this case.

Respectfully submitted,

_____/S/_____
CARLOS A. MARTIR, JR., ESQ.

Date: April 4, 2024

## CERTIFICATE OF SERVICE

I certify that a copy of this Sentencing Memorandum was served on Assistant United States Attorney Mary Kay Costello via ECF.

/s/ Carlos A. Martir, Jr.
_____
CARLOS A. MARTIR, JR., ESQUIRE

Date: April 4, 2024